Matthew T. MILLHOUSE,
Jr., Appellant

v.

Donna ZICKEFOOSE.

No. 12–1254.

United States Court of Appeals,
Third Circuit.

Submitted for a Decision on the Issuance
of a Certificate of Appealability and for
Possible Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 March 29, 2012.

Opinion filed: April 13, 2012.

Matthew T. Millhouse, Jr., Fort Dix, NJ,
pro se.

James B. Clark, III, Esq., Office of
United States Attorney, Newark, NJ, for
Donna Zickefoose.

Before: SLOVITER, FISHER and
WEIS, Circuit Judges.

OPINION

PER CURIAM.

Matthew T. Millhouse, Jr., is currently
serving a twenty-year prison sentence im-
posed by the United States District Court
for the Northern District of Ohio following
his conviction on two counts of money
laundering in violation of 18 U.S.C.
§ 1956(h). Millhouse challenged his con-
victions in a motion under 28 U.S.C.
Procedure 60(b) in order to amend his com-
plaint.

§ 2255, but the sentencing court dismissed
it and the United States Court of Appeals
for the Sixth Circuit denied his request for
a certificate of appealability. *Millhouse v.
United States,* No. 07–3833 (6th Cir. Oct.
23, 2007).

Presently before this Court is the fourth
habeas petition that Millhouse has since
filed in the District of his current confine-
ment seeking to attack his money launder-
ing convictions under 28 U.S.C. § 2241.
The District Court dismissed his three pri-
or petitions for lack of habeas jurisdiction,
and we affirmed each ruling. *See Mill-
house v. Zickefoose,* 440 Fed.Appx. 94 (3d
Cir.2011); *Millhouse v. Zickefoose,* 396
Fed.Appx. 796 (3d Cir.2010); *Millhouse v.
Grondolsky,* 331 Fed.Appx. 108 (3d Cir.
2009). In this case, the District Court
determined that Millhouse's current
§ 2241 petition is materially indistinguish-
able from his prior petitions and dismissed
that petition too for lack of habeas juris-
diction. We again agree, and will affirm,
for reasons that we already have explained
to Millhouse three times.

In addition to dismissing Millhouse's pe-
tition, the District Court warned him (for a
second time) that his systematic abuse of
the writ might result in sanctions in the
future. We now take this opportunity to
issue such a warning of our own. Mill-
house is advised that, if he files any dupli-
cative or otherwise frivolous appeal in the
future, we will consider imposing appropri-
ate sanctions. Those sanctions may in-
clude an injunction barring Mill house
from filing documents in this Court with-
out our prior leave. In that regard, we
note that the United States Supreme
Court recently directed its Clerk not to
accept further filings from Millhouse, ex-
cept on specified conditions, because he
"has repeatedly abused th[at] Court's pro-

**102**

cess[.]" *Millhouse v. Zickefoose,* —— U.S. ——, 132 S.Ct. 440, 181 L.Ed.2d 252 (2011). That characterization fairly describes Millhouse's conduct before this Court as well, and Millhouse is now on notice that any continuation of that conduct may lead to appropriate sanctions.

For the foregoing reasons, we will affirm the District Court's judgment. Millhouse's motion for the appointment of counsel on appeal is denied.